1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

LARRY MCCORVEY,                    )   1:05-cv-01562-OWW-TAG HC
                                   )
10                                 )
                Petitioner,        )   ORDER TO SHOW CAUSE WHY THE
11                                 )   PETITION SHOULD NOT BE DISMISSED
      v.                           )   AS CONTAINING UNEXHAUSTED CLAIMS
12                                 )
                                   )   ORDER DIRECTING THAT RESPONSE BE
13  ROBERT  H. OLEVRA, et al.,     )   FILED WITHIN TWENTY DAYS
                                   )
14              Respondents.       )
                                   )
15  _____)

16         Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus

17  pursuant to 28 U.S.C. § 2254.

18         Petitioner filed the instant petition on December 7, 2005.  (Doc. 1).  Petitioner contends

19  that on August 8, 2005, the trial judge asked Petitioner if he would give up his time credits in

20  exchange for placement in a rehabilitation program.  (Doc. 1, p. 4).  Petitioner further alleges that

21  his attorney assured him that the Harbor Light Center would have a place for him soon and that

22  he would be transported there within a week.  (Id.).  On November 4, 2005, Petitioner alleges he

23  received a letter from the Harbor Light Center showing that Petitioner was eligible for its

24  programs starting on September 2, 2005.  (Doc. 1, p. 5).  Petitioner alleges he was sentenced to

25  265 days jail for possession of a controlled substance.  (Doc. 1, p. 1).  Petitioner appears to

26  allege both perjury on the part of his attorney and breach of contract as grounds for habeas relief.

27  (Doc. 1, pp. 4-5).

28

1

1

**DISCUSSION**

2        The Court has conducted a preliminary review of the petition.  The Court's review

3   reveals that Petitioner's claims may be unexhausted.

4        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

5   a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

6   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

7   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

8   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

9   1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

10        A petitioner can satisfy the exhaustion requirement by providing the highest state court

11   with a full and fair opportunity to consider each claim before presenting it to the federal court.

12   Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

13   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

14   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

15   factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

16   basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis),

17   superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S.Ct. 1479

18   (2000).  Additionally, the petitioner must have specifically told the state court that he was raising

19   a federal constitutional claim.  Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888; Keating v. Hood,

20   133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial

21   court violated his due process rights "he must say so, not only in federal court but in state court."

22   Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

23        In this case, Petitioner alleges that he filed a state habeas petition in the Superior Court

24   for Fresno County, which was denied on November 18, 2005.  (Doc. 1, p. 2).  Petitioner does not

25   allege any other attempts to exhaust his claims in state court, either on direct appeal or through

26   collateral review.  Thus, it appears that both claims are unexhausted and, therefore, the petition

27   itself contains only unexhausted claims.

28   ///

1    The Court must dismiss a petition that contains unexhausted claims.   Rose, 455 U.S. at

2  521-522, 102 S.Ct. at 1205.

3    Petitioner will be ordered to show cause why the Petition should not be dismissed for

4  failing to exhaust state court remedies.  Should it be the case that the claims were exhausted,

5  Petitioner should make clear when and in what court the claims were raised.  If possible,

6  Petitioner should present to the Court documentary evidence that the claims were indeed

7  presented to the California Supreme Court.[1]

8    If one, but not both, of the claims are unexhausted, Petitioner may also move to withdraw

9  the unexhausted claim and move to hold the petition in abeyance while the unexhausted claims

10  are exhausted in state court.  See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)(overruled on

11  other grounds as recognized in Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007); Ford v.

12  Hubbard, 305 F.3d 875 (9th Cir. 2002).  However, such a request will not be considered by the

13  Court until the petition contains only exhausted claims and it is clear that the Petition is not

14  barred by the statute of limitations.

15    Petitioner may also move to withdraw the entire Petition and return to federal court only

16  when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however,

17  that there exists a one-year statute of limitations applicable to federal habeas corpus petitions.

18  28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one-year period starts to

19  run on the date the California Supreme Court denied Petitioner's direct review.  See id.

20  Although the limitations period tolls while a properly filed request for collateral review is

21  pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is

22  pending in federal court. Duncan v. Walker, 531 U.S. 991, 121 S.Ct. 480 (2001).

23    Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the

24  Court later find that the Petition contained unexhausted claims.

25  ///

26

27    [1]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The
28  proper documentation to provide would be a copy of the Petition filed in the California Supreme Court that includes
the claim now presented and a file stamp showing that it was indeed filed in that Court.

**ORDER**

Accordingly, the Court HEREBY ORDERS that Petitioner SHOW CAUSE within twenty (20) days of the date of service of this Order why the Petition should not be DISMISSED for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

Dated:   **December 6, 2007**                              **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE